IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK JEFFERSON RIGSBY<br>Apt. 2, 3/F<br>12 Deligiorgi<br>Athens 10437, Greece<br><br>      Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF STATE<br>2201 C St NW<br>Washington, DC 20520<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No: 23-cv-537<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Mark Jefferson Rigsby ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant United States Department of State ("DOS") in failing to provide Plaintiff with all non-exempt records responsive to his October 1, 2022, FOIA request to this federal agency, seeking copies of specified portions of form DS-2003 ("Notification of Appointment of Foreign Diplomatic Officer and Career Consular Officer") and form DS-2008 ("Notification of Termination of Diplomatic, Consular or Foreign Government Employment") which were submitted to

this agency on behalf of representatives of the Islamic Republic of Afghanistan, on or after August 1, 2021.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Mark Jefferson Rigsby, is an United States citizen, that at all times relevant herein, has resided in Athens, Greece.

5. Defendant United States Department of State is a federal agency of the United States, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides

notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11.  Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.  Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

### VI.  FACTUAL ALLEGATIONS

13. On or about October 1, 2022, Mark Jefferson Rigsby (Plaintiff) sent a FOIA request to the United States Department of State (DOS), seeking specific portions of form DS-2003 ("Notification of Appointment of Foreign Diplomatic Officer and Career Consular Officer") and form DS-2008 ("Notification of Termination of Diplomatic, Consular or Foreign Government Employment") which had been previously submitted to this agency on behalf of representatives of the Islamic Republic of Afghanistan, on or after August 1, 2021.

14. On or about October 13, 2022, Plaintiff received an email confirming receipt of Plaintiff's October 1, 2022, FOIA request, and assigning it F-2023-00393.

15. On or about November 23, 2022, and November 30, 2022, Plaintiff sent emails to the Agency, inquiring as to the status of his October 1, 2022, FOIA request and indicating that agency had not complied with its statutory requirements .

16. On or about November 30, 2022, the agency sent an email to Plaintiff indicating that his request was being processed and that the estimated completion date is April 30, 2025.

17. As of the date of the filing of this action, Plaintiff has not received a final decision, nor any of the records which he requested in response to his October 1, 2022, FOIA request to the Department of State referenced above.

## VII. CLAIMS FOR RELIEF

18. Plaintiff realleges, as if fully set forth herein, paragraphs 1-17 previously set forth above.

19. Defendant DOS has violated FOIA by failing to provide Plaintiff with a final decision to Plaintiff's October 1, 2022, FOIA request.

20. Defendant DOS has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for its October 1, 2022, FOIA request.

21. By failing to provide Plaintiff with all non-exempt responsive record to his October 1, 2022, FOIA request as described in paragraph 13 above, Defendant DOS has denied Plaintiff' right to this information as provided by the Freedom of Information Act.

22. Defendant DOS has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's October 1, 2022, FOIA request.

23. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's October 1, 2022, FOIA request, Defendant DOS has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

24. Unless enjoined by this Court, Defendant DOS will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in his FOIA request described in paragraph 13 above.

25. Plaintiff is directly and adversely affected and aggrieved by Defendant DOS's

failure to provide responsive records to its FOIA request described above.

26. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

27. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff, providing the following relief:

1. Declare Defendant DOS has violated FOIA by failing to provide Plaintiff with a final response to his October 1, 2022, FOIA request.

2. Declare Defendant DOS has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his October 1, 2022, FOIA request.

3. Declare Defendant DOS has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's October 1, 2022, FOIA request.

4. Direct by injunction that Defendant DOS perform an adequate search for records responsive to its October 1, 2022, FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's October 1, 2022, FOIA request.

5. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

6. Provide such other relief as the Court deems just and proper.

DATED: This 27th day of February, 2023.

Respectfully submitted,

 /s/ Lance D. Quaranto
Lance D. Quaranto (OR0016)
Quaranto & Associates LLC
PO Box 5471
Eugene, Oregon 97405
(541) 393-8485
lance.d.quaranto@gmail.com

**Attorney for Plaintiff**